NAN LEE McKERLEY v. COMMERCIAL CASUALTY INSURANCE COMPANY.

(Filed 21 October, 1931.)

1. **Trial F a—Where there is insufficient evidence to support issue tendered by defendant the refusal to submit the issue is not error.**

   A plea in bar to the right of plaintiff to recover in his action must be supported by evidence sufficient in law for an affirmative finding by the jury or the question will not be submitted for its determination.

2. **Insurance R a—In this case held: whether death resulted from accident within terms of policy was determined by the verdict.**

   In an action to recover upon an accident insurance policy the defense of the insurer that the death of the insured was not caused from the

effect of bodily injury sustained solely through external, violent or accidental means, as the policy provided, is answered against the insurer by the verdict of the jury under the facts of this case.

**3. Insurance J d—Held: insurer waived right to maintain that notice and proof of loss had not been given as required by policy.**

In this action upon a policy of accident insurance, *Held:* the right of the insurer to maintain the position that the beneficiary had not conformed to the provisions of the policy as to the time of bringing action and notice and proof of loss was waived by an agreement upon the trial that the court give judgment against it in a certain amount if the jury answered the issue fixing it with liability in the affirmative.

APPEAL by defendant from *Midyette, J.,* at May Term, 1931, of NEW HANOVER.

Civil action by beneficiary to recover on a policy of health and accident insurance issued to George M. McKerley 1 November, 1929. The assured died 27 November, 1929. This action was instituted 10 November, 1930.

Notwithstanding plaintiff's possession of the policy and receipt for first premium, it was the contention of the defendant that the delivery of the policy was upon condition and that the policy had never become operative, the premium not having been paid.

The court declined to submit an issue upon this plea. Exception.

It was further contended by the defendant that the death of the assured was not caused from the effects of bodily injury sustained solely through external, violent and accidental means as insured against in the policy.

The jury returned the following verdict:

"Was the death of George M. McKerley caused from the effects of bodily injury sustained solely through external, violent and accidental means during the time the said policy was in force? Answer: Yes."

A third position taken by the defendant is, that compliance with the following provision of the policy has not been shown:

"No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after proof of loss has been filed in accordance with the requirements of this policy, nor shall such action be brought at all unless brought within two years from the expiration of the time within which proof of loss is required by the policy."

Judgment on the verdict, from which the defendant appeals, assigning errors.

*Bryan & Campbell for plaintiff.*
*Burney & McClelland for defendant.*

STACY, C. J., after stating the case: The plea of the defendant that the policy in suit was delivered conditionally and has never become operative is not supported by the evidence. *Grier v. Ins. Co.,* 132 N. C., 542, 44 S. E., 28; *Kendrick v. Ins. Co.,* 124 N. C., 315, 32 S. E., 728; *Rayburn v. Casualty Co.,* 138 N. C., 379, 50 S. E., 762. When the evidence is not sufficient to warrant an affirmative finding on a plea in bar, the court is not required to submit the question to the jury. *Falkner v. Pilcher Co.,* 137 N. C., 449, 49 S. E., 945.

The second contention of the defendant that the death of the assured was not caused from the effects of bodily injury sustained solely through external, violent and accidental means, as insured against in the policy, is answered by the verdict.

The third position taken by the defendant that proof of loss and suit after sixty days from such filing and within two years, as provided by the policy, has not been shown, is not available to the defendant on the present record, for at the close of the evidence, the amount of recovery, if any, was agreed upon, and further, "if the jury shall answer the first issue yes, then the court may find the amount as herein stated, and enter judgment accordingly." Furthermore, plaintiff testified that she offered to reimburse defendant's agent for the amount of the premium after her husband's death, "because when I went to him to sign the papers to get the insurance papers started he told me he had paid the insurance himself, and I said I will pay it to you." This is some evidence that proof of loss was signed in the presence of defendant's agent. But the point seems not to have been mooted in the court below. The verdict and judgment will be upheld.

No error.