BEUNA LINEBERRY v. CAROLINA GOLF & COUNTRY CLUB, INC., A NORTH CAROLINA CORPORATION, AND GARFIELD WASHINGTON, A MINOR, THROUGH HIS GUARDIAN AD LITEM, JEFFERSON H. BRUTON

No. 7226SC663

(Filed 22 November 1972)

Appeal and Error § 57; Games and Exhibitions § 2— golf course injury — findings of fact with respect to negligence — conclusiveness on appeal

    Where the trial court in a personal injury action made findings of fact that plaintiff was injured by a golf ball hit by defendant caddy while she was playing on defendant corporation's golf course, that defendant corporation had no knowledge that defendant caddy was hitting golf balls onto the fairways, that defendant caddy was not an employee or agent of defendant corporation and that defendant corporation was guilty of no negligent act or omission, the court on appeal was bound by such findings since they were supported by competent evidence.

ON writ of *certiorari* to review the trial before *Snepp, Judge,* 17 April 1972 Session of Superior Court held in MECKLENBURG County.

Plaintiff, Beuna Lineberry, instituted this action to recover damages for injuries allegedly suffered by her when she was struck by a golf ball driven by defendant Garfield Washington while she was playing golf on the course owned by defendant Carolina Country Club (Country Club). In support of this claim, plaintiff introduced evidence tending to show the following:

On the morning of 9 June 1966 plaintiff was a member of a threesome playing golf at defendant Country Club. While on the number two fairway plaintiff was struck on the left hip by a golf ball driven by the defendant, Garfield Washington, then age 13. Defendant Washington and other caddies had been given permission by the caddy master, John Henry Withers, "to play with clubs around the caddy house," and on the morning of 9 June 1966 "all the caddies were down there hitting balls across the fairway." Walter Eugene Reynolds, the golf pro at defendant Country Club, testified that:

> "The Caddy Master was responsible for keeping the boys quiet, training them, and seeing that they conducted themselves in an orderly manner when they were at the caddy house. . . . The caddies were not permitted to keep golf clubs over there and they were not permitted to hit golf balls at any time."

Prior to this occasion, Reynolds "had never had any reports that golf caddies had hit balls out on to the course." Caddies were employees of the golfer and not of the Country Club and received no compensation unless they caddied. There was no requirement that caddies report to work at a particular time; caddies could come and go at will.

At the conclusion of plaintiff's evidence, defendant Country Club moved for involuntary dismissal and the court, pursuant to the provisions of Rule 41(b) of the North Carolina Rules of Civil Procedure, made the following pertinent findings and conclusions:

> "On June 9, 1966, the plaintiff was a member of a threesome playing golf on a golf course owned and operated by the corporate defendant. She was on number two fairway of the course, which parallels number one fairway.
>
> At the same time the defendant Washington was in or near the caddy house which was located adjacent to

number one fairway. He was there to seek employment by players as a caddy.

\* \* \*

As the plaintiff was on number two fairway, the defendant Washington hit a golf ball across number one fairway and onto number two fairway. At that time he knew that persons were on number two fairway and his view of the area in which the plaintiff was standing was obscured by trees. The ball driven by Washington struck the plaintiff, and his negligence in driving the ball proximately caused injury to the plaintiff.

\* \* \*

There is no evidence that the corporate defendant had any knowledge that the defendant Washington or other caddies had on any prior occasion hit golf balls into the fairways, or that Washington was about to do so on this occasion.

Washington received no salary or wages from the corporate defendant and had no assigned or required hours of work, but appeared to seek employment as a caddy at such times as he desired.

\* \* \*

The defendant Washington was not on this occasion, an agent or employee of the corporate defendant acting pursuant to the terms of his employment or within the scope thereof.

The plaintiff's evidence fails to show any negligent act or omission upon the part of the corporate defendant, and the corporate defendant is not liable for injuries sustained by the plaintiff."

Based on its findings and conclusions, the court entered judgment dismissing plaintiff's claim as to defendant Country Club. The plaintiff appealed.

*Edwards and Millsaps by Joe T. Millsaps for plaintiff appellant.*

*Fairley, Hamrick, Monteith & Cobb by S. Dean Hamrick for defendant appellee.*

HEDRICK, Judge.

We allow plaintiff's petition for writ of certiorari so we may review the case on its merits.

The plaintiff's several assignments of error present the question of whether the evidence supports the trial judge's findings of fact and whether the facts found support the conclusions of law. In *Bryant v. Kelly,* 10 N.C. App. 208, 213, 178 S.E. 2d 113 (1970), reversed on other grounds, 279 N.C. 123, 181 S.E. 2d 438 (1971), Judge Parker, writing for this court, stated:

> "In a nonjury case, in which all issues of fact are in any event to be determined by the judge, the function of the judge on a motion to dismiss under Rule 41(b) is to evaluate the evidence without any limitations as to the inferences which the court must indulge in favor of the plaintiff's evidence on a similar motion for a directed verdict in a jury case." *Wells v. Insurance Co.,* 10 N.C. App. 584, 179 S.E. 2d 806 (1971) ; *Rogers v. City of Asheville,* 14 N.C. App. 514, 188 S.E. 2d 656 (1972).

In the present case Judge Snepp made findings determinative of the issues raised by the pleadings and the evidence. Such findings are supported by competent evidence in the record and are conclusive on appeal even though there might be evidence to sustain findings to the contrary. *Bryant v. Kelly, supra.* The facts found support the conclusions of law which in turn support the judgment.

In the trial below we find

No error.

Judges VAUGHN and GRAHAM concur.