GARLING J. McNEELY v. SOUTHERN RAILWAY COMPANY

No. 7319SC567

(Filed 26 September 1973)

1. **Rules of Civil Procedure §§ 41, 50— directed verdict in jury case — involuntary dismissal in nonjury case**

    Motion for directed verdict under Rule 50 is proper when the case is tried before a jury, and motion for involuntary dismissal under Rule 41(b) is appropriate where the court sits as trier of fact.

2. **Rules of Civil Procedure § 41— involuntary dismissal — sufficiency of evidence decided by trial judge**

    In ruling on a motion to dismiss under Rule 41(b), the court must pass upon whether the evidence is sufficient as a matter of law to permit a recovery, and if so, must pass upon the weight and credibility of the evidence upon which the plaintiff must rely in order to recover.

3. **Negligence § 35; Railroads § 5— crossing accident — stationary train — negligence of plaintiff automobile driver — involuntary dismissal**

    In an action to recover for injuries sustained when plaintiff drove his pickup truck into the side of a railroad boxcar which was stationary on a railroad track blocking a highway crossing, the trial court properly granted defendant's motion to dismiss under Rule 41(b) where plaintiff's evidence disclosed his contributory negligence in that he approached a railroad crossing which he had traversed almost daily for three months, the crossing was marked by a road sign but there were no lights, no whistle, no signals or flagmen, he approached the railroad crossing at 40-45 mph, entered fog approximately 400 feet from the crossing, slowed down immediately and emerged from the fog approximately 100 feet before the crossing, applied his brakes shortly before striking the train, skidded six feet and then collided with the train.

APPEAL by plaintiff from *Collier, Judge,* 19 March 1973 Civil Session of ROWAN County Superior Court.

This is an action to recover for injuries sustained when plaintiff drove his pickup truck into the side of a railroad boxcar which was stationary on a railroad track and blocking a crossing on the Old Concord Road outside the Salisbury city limits.

The cause was tried without a jury, and the evidence was limited to the issue of negligence. The parties stipulated as follows:

"... that on September 10, 1971, the plaintiff was the owner and operator of a 1962 Ford truck that the plaintiff

McNeely v. Railway Co.

was involved in a collision of September 10, 1971 with the portion of a train on the Old Concord Road approximately one mile from the Salisbury City Limits at the point where the railroad tracks cross the Old Concord Road in a generally east and west direction; that the train was a north-south train; that the crew on the train consisted of R. T. Whitmire, Engineer; L. C. Morgan, Conductor; K. L. Moss, Brakeman and D. K. Eaton, Brakeman; that the crew was a Southern Railway crew and were operating the train in the scope of their employment and about their duties as agents and employees of the Southern Railroad; that the train was made up of thirty-one cars and the approximate length of each car was forty feet; that the train was headed towards Salisbury; that the car occupying the crossing was the third from the caboose and the twenty-eighth from the engine; that the train had stopped on this crossing for the purpose of making a switch movement; that the train had been standing on the crossing for approximately six to fifteen minutes; that at the time of the collision the crew members were inside the engine which was parked inside of the gate of the property of Carolina Forrest; that there were no flares, fuses, warning lights, flagman or other warning; that the train was blocking the railroad crossing across the Old Concord Road at the time of the collision; that the time of the collision was approximately 5:30 a.m. on September 10, 1971; that there were no traffic controls present at the aforesaid crossing; that there was a wooden crossarm sign on the western side of the Old Concord Road stating a railroad crossing; that there was a circular sign 246 feet from the track stating 'Railroad' and the white 'X' painted on the roadway with RR beside the 'X'; that at the point of the collision at the Old Concord Road is a smooth asphalt road and is approximately eighteen feet wide; that said road is a two-lane road with one lane for northbound traffic and one lane for southbound traffic; that said road runs generally north and south; that the speed limit at the point of collision was forty-five miles per hour."

Plaintiff's evidence showed that he was driving to work at about 5:30 a.m. on 10 September 1971. He was traveling at about 40-45 miles per hour when he noticed fog approximately

400 feet from the railroad crossing. As soon as he entered the fog, he took his foot off the accelerator and slowed to approximately 20-25 miles per hour. Plaintiff traveled for approximately 300 feet through the fog, but approximately 100 feet before the crossing, he emerged from the fog. Plaintiff applied his brakes shortly before striking the train, and six feet of skid marks were found leading to the back wheels of plaintiff's truck. Plaintiff was familiar with this crossing inasmuch as he had traversed it almost daily for three months prior to the accident. He testified that on the morning of the accident he was looking for the crossing and the warning sign.

The train had been completely stopped at the crossing for a period of several minutes before the collision. There were no lights, flares, or watchmen at the crossing.

At the close of plaintiff's evidence, defendant moved to dismiss under Rule 41(b). From an order allowing defendant's motion, plaintiff appealed.

*Robert M. Davis for plaintiff appellant.*

*Stahle Linn, Jr., and Max Busby for defendant appellee.*

MORRIS, Judge.

[1]   The sole question for consideration is the propriety of the trial judge's allowing defendant's motion to dismiss under G.S. 1A-1, Rule 41(b). Appellant states in his brief that he presented ample evidence *for his case to go to the jury.* This case was, however, tried without a jury. Since the enactment of the new Rules of Civil Procedure in 1970, this Court has repeatedly distinguished between the motion for directed verdict under Rule 50 and the motion for involuntary dismissal under Rule 41(b). The former is proper when the case is tried before a jury, and the latter is appropriate where the court sits as trier of fact. *Bryant v. Kelly,* 10 N.C. App. 208, 178 S.E. 2d 113 (1970), rev'd on other grounds 279 N.C. 123, 181 S.E. 2d 438 (1971) ; *Neff v. Coach Co.,* 16 N.C. App. 466, 192 S.E. 2d 587 (1972).

[2]   In determining the sufficiency of the evidence when ruling on a motion to dismiss made under Rule 41(b), it is the function of the trial judge " 'to evalute the evidence without

McNeely v. Railway Co.

any limitations as to the inferences which the court must indulge in favor of the plaintiff's evidence on a similar motion for a directed verdict in a jury case.' *Wells v. Insurance Co.,* 10 N.C. App. 584, 179 S.E. 2d 806 (1971) ; *Rogers v. City of Asheville,* 14 N.C. App. 514, 188 S.E. 2d 656 (1972)." *Lineberry v. Country Club,* 16 N.C. App. 600, 603, 192 S.E. 2d 853 (1972), quoting Parker, Judge, in *Bryant v. Kelly, supra.*

> "In a ruling on a motion to dismiss under Rule 41(b), applicable only 'in an action tried by a court without a jury,' the court must pass upon whether the evidence is sufficient as a matter of law to permit a recovery; and, if so, must pass upon the weight and credibility of the evidence upon which the plaintiff must rely in order to recover." *Knitting, Inc. v. Yarn Co.,* 11 N.C. App. 162, 163, 180 S.E. 2d 611 (1971), quoting *Bryant v. Kelly, supra.*

If the trial judge allows the motion, "the court, as the trier of fact, should *determine* the facts and render judgment against the plaintiff." *Wells v. Insurance Co., supra,* at 588. The facts found by the trial court are conclusive if supported by competent evidence, even though there may be evidence to support findings to the contrary. *Bryant v. Kelly, supra.* We hold that the facts found by the court are supported by competent evidence. The only question before us now is whether the findings of fact support the conclusions of law and the judgment. *Id.*

It is our duty then to determine whether Judge Collier's findings of fact support his conclusion that plaintiff's evidence falls short of showing any actionable negligence on defendant's part and that plaintiff as a matter of law is not entitled to recovery. We hold that they do.

[3] We feel that allowing the motion to dismiss was proper under the holding of *Owens v. R.R.,* 258 N.C. 92, 128 S.E. 2d 4 (1962). While *Owens* was decided under the former compulsory nonsuit practice, the facts of that case were very similar to those of the case before us, and under the holding of *Wells v. Insurance Co., supra,* we are permitted to evaluate the sufficiency of the evidence by the same standard.

In *Owens,* the plaintiff's evidence tended to show that he was driving 25 miles per hour on a rainy and foggy night. As he approached the railroad crossing, there were no street

lights, no whistle or signal, and no flagman. When plaintiff first saw the train, he was one to one and one-half car lengths from the train. However, plaintiff was familiar with the crossing, for he was in the habit of crossing it about twice a month. The Court held that plaintiff's evidence taken in the light most favorable to him, disclosed that his driving under the above conditions constituted "active negligence on the part of the driver of the automobile, the male plaintiff, operating subsequent to any negligence on the part of the defendant, and such negligence of the male plaintiff was the real, efficient and sole proximate cause of the injuries to himself and the damage to his automobile and of his wife's injuries." *Id.* at 95. The Court further held that since the plaintiff's evidence disclosed plaintiff's own negligence, it was insufficient under well-established nonsuit practice to make out a case for the jury. Although there was no jury in the case *sub judice,* we feel that the case is controlled by *Owens, supra.* Plaintiff's evidence has disclosed contributory negligence and he has, therefore, failed to establish his right to relief.

We are aware of the holding of the Supreme Court in *Jernigan v. R.R. Co.,* 275 N.C. 277, 167 S.E. 2d 269 (1969), where Justice Higgins stated that the plaintiff in *Owens* was nonsuited not because of contributory negligence but rather because he failed to show the negligence of the defendant. The *Owens* case was not cited as authority in the *Jernigan* case, nor was it necessary to the decision. But aside from both cases, the dismissal should be affirmed. Regardless of whether plaintiff's evidence is evaluated as failing to establish defendant's negligence or as establishing contributory negligence, it fails to establish his right to relief. The judgment allowing the motion to dismiss plaintiff's case under Rule 41(b) is, therefore,

Affirmed.

Judges BRITT and PARKER concur.