BURKE COUNTY PUBLIC SCHOOLS BOARD OF EDUCATION v. JUNO CONSTRUCTION CORPORATION AND STATESVILLE ROOFING AND HEATING COMPANY

No. 8

(Filed 6 October 1981)

BEFORE *Snepp, Judge,* presiding at the 26 November 1979 Regular Civil Session of BURKE Superior Court, judgment based on a jury verdict was entered in favor of defendants. The Court of Appeals, in an opinion by *Judge Harry C. Martin,* concurred in by *Chief Judge Morris* and *Judge Webb,* (50 N.C. App. 238, 273 S.E. 2d 504 (1981)) affirmed the judgment as to defendant Juno Construction Corporation; the court vacated the judgment as to defendant Statesville Roofing and Heating Company and remanded the cause to the superior court for determination of the issue of damages as to that defendant. On 7 April 1981 we allowed plaintiff's and defendant Statesville's petitions for discretionary review.

*Simpson, Aycock, Beyer & Simpson, P.A., by Samuel E. Aycock and Dan R. Simpson, for plaintiff-appellant Burke County Public Schools Board of Education.*

*Raymer, Lewis, Eisele & Patterson, by Douglas G. Eisele, for defendant-appellant Statesville Roofing and Heating Company.*

*Miller, Johnston, Taylor & Allison, by John B. Taylor, for defendant-appellee Juno Construction Company.*

PER CURIAM.

Plaintiff brought this action for damages alleging that defendants failed to properly install the roof on the Freedom High School building in Burke County. Plaintiff had contracted with the architectural firm of The Shaver Partnership for the design of the building. Defendant Juno was the general contractor and it subcontracted the roofing work to defendant Statesville. Statesville entered into an "Agreement to Maintain Roofing" as required by the contract between plaintiff and Juno.

In their answers defendants alleged, *inter alia,* that any defect in the roof was caused by deficiency in the design and specifications provided by the architect. Upon issues submitted, the jury found that while both defendants breached their contracts with plaintiff, the defective roof was caused solely by the architect.

With respect to defendant Juno, the Court of Appeals held that where a contractor is required to and does comply with the plans and specifications prepared by the owner or the owner's architect, the contractor will not be liable for the consequences of defects in the plans and specifications.

With respect to defendant Statesville, the Court of Appeals held that under the agreement to maintain the roof which defendant Statesville entered into with plaintiff, deficiencies in the design and specifications for the roof provided by plaintiff's architect would not bar plaintiff from recovering from defendant Statesville.

After reviewing the record, the briefs, and hearing oral arguments on the questions presented, we conclude that the petitions for further review were improvidently granted. Our orders

granting further review are, therefore, vacated. The decision of the Court of Appeals affirming the judgment of the superior court as to defendant Juno, vacating the judgment as to defendant Statesville and remanding the cause for a determination of the issue of damages as to defendant Statesville, remains undisturbed and in full force and effect.

Discretionary review improvidently granted.