GREENSBORO HOUSING AUTHORITY v. KIRKPATRICK & ASSOCIATES, INC. v. TALLEY ELECTRIC COMPANY

No. 8118SC493

(Filed 16 March 1982)

**Contracts § 21.2; Professions and Occupations § 1— construction contract—housing project damaged by fire—architect and engineers as agents of owner**

   In a contract action in which plaintiff sought to recover damages caused by a fire in a housing project, the trial court did not err in entering judgment of involuntary dismissal at the close of plaintiff's evidence. The evidence indicated that plaintiff employed Raymond Smith to work with the architect in planning the project and assuring compliance with contract documents; that Smith, the architect, and the engineer were on the jobsite regularly during construction; that plaintiff and the architect executed a "Certificate of Completion" on the project; and that work was performed as contracted in accordance with the plans and specifications. The evidence thus supported the findings and legal conclusions that any knowledge of Smith, the architect, and the engineer was imputed to plaintiff, and that there was no breach of contract by defendants. G.S. 1A-1, Rule 41(b).

APPEAL by plaintiff from *Walker, Judge.* Judgment entered 20 November 1980 in Superior Court, GUILFORD County. Heard in the Court of Appeals 7 January 1982.

Plaintiff sought from its general contractor on a housing project, defendant Kirkpatrick & Associates, Inc. (hereafter

Kirkpatrick), damages caused by a fire in the project. Kirkpatrick sought from its electrical subcontractor on the project, third-party defendant Talley Electric Company (hereafter Talley), recovery over of any sums recovered from it by plaintiff.

The court, sitting without a jury, entered judgment of involuntary dismissal at the close of plaintiff's evidence. Plaintiff appeals.

*James R. Turner for plaintiff appellant.*

*Block, Meyland & Lloyd, P.A., by Michael R. Pendergraft, for defendant appellee Kirkpatrick & Associates, Inc.*

*Smith, Moore, Smith, Schell & Hunter, by Stephen P. Millikin and Maureen J. Demarest, for third-party defendant appellee Talley Electric Company.*

WHICHARD, Judge.

The court based its involuntary dismissal on conclusions that (1) no breach of contract occurred, and (2) if any breach occurred, it could have been discovered by plaintiff in the exercise of reasonable diligence. Its findings of fact, which are supported by competent evidence, sustain its conclusions. We therefore affirm.

The essential facts are:

Plaintiff contracted with Kirkpatrick for the construction of a housing project according to plans and specifications provided by plaintiff's architects. Kirkpatrick subcontracted the electrical construction to Talley.

Plaintiff employed Raymond Smith to work with the architect in planning the project and assuring compliance with the contract documents. The architects, with at least implied approval by plaintiff, employed a consulting electrical engineer to handle installation of the electrical work. Smith, the architects, and the engineer were on the jobsite regularly during construction. Smith prepared several "punch lists" of incomplete items which were eventually completed to his and the architects' satisfaction. On 26 September 1975 plaintiff and the architects executed a "Certificate of Completion" on the project.

On 21 December 1976 fire destroyed a portion of the project. Plaintiff alleged the cause was "a loose connection in the busway

joint"; that Kirkpatrick "constructed and installed the busway in a manner that did not allow any access to the busduct joints"; and that Kirkpatrick's "failure to allow sufficient access" and "failure to discover the same" violated the contract requirements. Following the fire Smith discovered maintenance requirements as to the busduct by removing a plate from the duct. Prior thereto plaintiff had been unaware of these requirements. Smith, however, was on the jobsite regularly while the busducts were being installed; was aware that the closets which housed the busducts were being erected; "saw the busduct materials as they were erected" and "probably saw the closets being constructed"; did not register any objection during the course of construction "about the size of the closets"; and ultimately "satisfied [him]self" regarding construction of the busduct system.

The court found as facts that (1) the architects, by contract with plaintiff, were to be responsible for the supervision and inspection of the project; (2) the architects contracted with the engineer, with plaintiff's awareness and approval, to supervise and inspect the electrical system; and (3) Smith was employed by plaintiff, *inter alia*, "to ensure proper construction in accordance with the contract documents, including observation of the work as it progressed." These findings are supported by competent evidence and are thus conclusive on appeal. *Williams v. Liles*, 31 N.C. App. 345, 229 S.E. 2d 215 (1976); *McNeely v. Railway Co.*, 19 N.C. App. 502, 199 S.E. 2d 164, *cert. denied*, 284 N.C. 425, 200 S.E. 2d 660 (1973).

> An agent is one who, by the authority of another undertakes to transact some business or manage some affairs on account of such other, and to render an account of it. He is a substitute, or deputy, appointed by his principal primarily to bring about business relations between the latter and third persons.

*SNML Corp. v. Bank*, 41 N.C. App. 28, 36, 254 S.E. 2d 274, 279, *disc. review denied*, 298 N.C. 204 (1979). The above findings place the architects and Smith within the above definition of "agent." In addition, plaintiff stipulated that the architects were its agents. "As a general rule, . . . as regards the performance of his supervisory functions with respect to a building under construction, [an architect] ordinarily acts as the agent and representative

of the person for whom the work is being done." 5 Am. Jur. 2d, Architects, § 6, p. 668. The architects' contract with the engineer, which was at least impliedly approved by plaintiff, established an agency relationship between plaintiff and the engineer, because "the relation of agency exists between the principal and an authorized subagent." 3 Am. Jur. 2d, Agency, § 154. The above findings thus support the legal conclusion that Smith, the architects, and the engineer were agents of plaintiff.

> The general rule is that a principal is chargeable with, and bound by, the knowledge of or notice to his agent received while the agent is acting as such within the scope of his authority and in reference to a matter over which his authority extends, although the agent does not in fact inform his principal thereof.

*Ward v. Swimming Club*, 27 N.C. App. 218, 220, 219 S.E. 2d 73, 75 (1975). The findings thus support the further legal conclusion that any knowledge of Smith, the architects, and the engineer, was imputed to plaintiff.

The court further found as facts that: (1) the work was completed and accepted by plaintiff, (2) a Certificate of Completion was executed by the architects and plaintiff stating that the work was completed in accordance with the requirements of the specifications and the drawings and the contract for the work; (3) Smith had certified that the work was performed or supplied in accordance with the drawings and specifications, the terms and conditions of the contract, and duly authorized deviations, substitutions, alterations, and additions, all of which were duly approved; and (4) the electrical closets and busducts were constructed in accordance with the architectural drawings as prepared by the architects and engineers and as inspected by them. Smith testified that "[t]he project was constructed in substantial conformance to the plans and specifications . . . ." He further testified that the closets which housed the busducts "were built in accordance with [the architects'] plans"; and that he did not register any objection with the architects or the engineer during the course of construction about the size of the closets. This and other competent evidence supports the foregoing findings, and they thus are conclusive on appeal. Williams, *supra*; McNeely, *supra*.

This Court recently adopted the rule that "where a contractor is required to and does comply with the plans and specifications prepared by the owner or the owner's architect, the contractor will not be liable for the consequences of defects in the plans and specifications." *Bd. of Education v. Construction Corp.*, 50 N.C. App. 238, 241, 273 S.E. 2d 504, 506-507, *disc. review improvidently granted, see* 304 N.C. 187, 282 S.E. 2d 778 (1981). *See also* 13 Am. Jur. 2d, Building and Construction Contracts, § 28; Annot., 6 A.L.R. 3d 1394 (1966 & Supp. 1981). The foregoing findings, supported by competent evidence, that work was performed as contracted in accordance with the plans and specifications, and that plaintiff and its agents certified acceptance thereof, thus support the legal conclusion that there was no breach of contract by defendants. The court's further conclusion that if any breach occurred it could have been discovered by plaintiff by the exercise of reasonable diligence is likewise supported by its findings, which in turn are supported by competent evidence.

The court, sitting as the trier of fact, found facts, based on competent evidence, which rendered proper allowance of the motion for involuntary dismissal pursuant to G.S. 1A-1, Rule 41(b). Accordingly, plaintiff's assignments of error are overruled; and the judgment allowing the motion to dismiss is

Affirmed.

Judges CLARK and BECTON concur.