IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-1050

Filed 4 June 2024

Alamance County, No. 22 E 68

IN THE MATTER OF THE LAST WILL
AND TESTAMENT OF MARY JOYCE CLAPP
HOWELL, DECEASED.

Appeal by Caveators from order entered 4 May 2023 by Judge Andrew Hanford in Alamance County Superior Court. Heard in the Court of Appeals 17 April 2024.

*Oertel, Koonts & Oertel, PLLC, by Geoffrey K. Oertel, for Caveator-Appellant Troy Howell.*

*Caveator-Appellee Melanie Jeffries, pro se.*

*Ellis & Winters LLP, by Pamela S. Duffy & Tyler C. Jameson, for Propounders-Appellees.*

*Holt Longest Wall Blaetz & Moseley, PLLC, by Peter T. Blaetz, for Other-Appellee Estate of Mary Joyce Clapp Howell.*

CARPENTER, Judge.

Caveators appeal from the trial court's orders denying their motion to reduce bond and dismissing their case with prejudice. On appeal, Caveators argue that the trial court erred by: (1) denying their motion to reduce bond; and (2) dismissing their case with prejudice. After careful review, we disagree with Caveators and affirm the trial court's orders.

## I. Factual & Procedural Background

On 22 July 2022, Troy Howell filed a caveat to the will of Mary Joyce Clapp

Howell, which was propounded by Cheryl Thacker and Rhonda Lewallen. A caveat is a challenge to the validity of a will, and a propounder is someone who presents a will for court approval. *See Wilder v. Hill*, 175 N.C. App. 769, 772, 625 S.E.2d 572, 574 (2006).

Also on 22 July 2022, the Clerk of Alamance County Superior Court entered orders suspending administration of the Howell estate and transferring the matter to the Alamance County Superior Court's civil docket. On 12 September 2022, the trial court entered a caveat-alignment order, aligning Cheryl Thacker and Rhonda Lewallen as "Propounders" and aligning Troy Howell and Melanie Jeffries as "Caveators." Caveator Jeffries is Caveator Howell's sister. Although Caveator Jeffries did not appear before the trial court, the trial court found her to be an "interested party" in this matter.

On 9 January 2023, the trial court entered an order granting Propounders' motion for a caveat bond, requiring Caveators to post a $250,000 bond within twenty days of entry of the order. A caveat bond "provide[s] security . . . for the payment of such costs and damages as may be incurred or suffered by the estate if the estate is found to have been wrongfully enjoined or restrained." *See* N.C. Gen. Stat. § 31-33(d) (2023). On 15 March 2023, Caveators moved for a reduction of the bond.

On 4 May 2023, the trial court entered an order denying Caveators' motion to reduce the bond. The trial court did, however, extend Caveators' bond deadline until 12 May 2023. But the trial court ordered that if Caveators failed to post bond by the

extended deadline, the trial court would dismiss their case with prejudice.

Nonetheless, Caveator Howell filed a notice of appeal from the trial court's 4 May 2023 order. Caveators did not post bond by 12 May 2023, so the trial court dismissed the action with prejudice. On 28 December 2023, Propounders moved to dismiss this appeal.

## II. Jurisdiction

An involuntary dismissal under Rule 41(b) "operates as an adjudication upon the merits." N.C. Gen. Stat. § 1A-1, Rule 41(b) (2023); *see also Whedon v. Whedon*, 313 N.C. 200, 210, 328 S.E.2d 437, 443 (1985) ("Ordinarily, an involuntary dismissal under Rule 41(b) operates as an adjudication upon the merits and ends the lawsuit."). Accordingly, we have jurisdiction under subsection 7A-27(b)(1) because the trial court's dismissal ended the lawsuit, thus rendering the 4 May 2023 order final. *See* N.C. Gen. Stat. § 7A-27(b)(1) (2023).

Propounders, however, moved to dismiss this appeal because Caveators violated our Rules of Appellate Procedure. In support of their motion to dismiss, Propounders argue that Caveator Howell violated Rule 3 because,"[a]s reflected in the Certificate of Service to the Notice of Appeal, [Caveator Jeffries] was not served with a copy of the Notice of Appeal." Propounders also assert that Caveator Howell violated Rule 11 because "[t]he Certificate of Service on the Proposed Record on Appeal reflects that [Caveator Jeffries] was not served with a copy of the Proposed Record on Appeal." Lastly, Propounders argue that Caveator Howell violated Rule

by failing to timely file the record.

**A. Applicable Sanctions for Violating the Rules of Appellate Procedure**

We may sanction parties for failing to adhere to our Rules of Appellate Procedure, N.C. R. App. P. 25(b), and we may do so by dismissing their appeal, N.C. R. App. P. 34(b)(1). But "a party's failure to comply with non[-]jurisdictional rule requirements normally should not lead to dismissal of the appeal." *Dogwood Dev. & Mgmt. Co., v. White Oak Transp. Co.*, 362 N.C. 191, 198, 657 S.E.2d 361, 365 (2008). "[O]nly in the most egregious instances of non[-]jurisdictional default will dismissal of the appeal be appropriate." *Id*. at 200, 657 S.E.2d at 366.

Whether to dismiss an appeal because of non-jurisdictional violations is a case-by-case inquiry. *See N.C. ex rel. Expert Discovery, LLC v. AT&T Corp.*, 287 N.C. App. 75, 84, 882 S.E.2d 660, 668–69 (2022) (citing *Dogwood*, 362 N.C. at 199–200, 657 S.E.2d at 366). To determine whether a dismissal is warranted because of non-jurisdictional violations, we consider: (1) whether the violations impair our review of the case; (2) whether the violations "frustrate" the adversarial process; and (3) the number of violations. *Id*. at 84, 882 S.E.2d at 669 (citing *Dogwood*, 362 N.C. at 200, 657 S.E.2d at 366–67).

**B. The Applicable Rules of Appellate Procedure**

Under Rule 3, the appellant must serve copies of the notice of appeal "upon all other parties within the time prescribed by subsection (c) of this rule." N.C. R. App. P. 3(a). Subsection (c) requires the appellant to serve a notice of appeal upon all

parties within thirty days of the appealed-from order or judgment. *See* N.C. R. App. P. 3(c).

Under Rule 11, "[i]f the record on appeal is not settled by agreement under Rule 11(a), the appellant shall, within the same times provided, serve upon all other parties a proposed record on appeal . . . ." N.C. R. App. P. 11(b). Under Rule 12, the "appellant must file the record on appeal no later than fifteen days after it has been settled . . . ." N.C. R. App. P. 12(a).

### C. Whether the Applicable Rules are Jurisdictional

Some of Rule 3's requirements are jurisdictional. *See Bailey v. State*, 353 N.C. 142, 156, 540 S.E.2d 313, 322 (2000). Indeed, under Rule 3, filing notice of appeal is a jurisdictional requirement. *See Expert Discovery*, 287 N.C. App. at 84, 882 S.E.2d at 668. But we have "noted that where a notice of appeal is properly and timely filed, but not served upon *all* parties, this violation of Rule 3 is a non-jurisdictional defect." *Id*. at 84, 882 S.E.2d at 668 (citing *Lee v. Winget Rd., LLC*, 204 N.C. App. 96, 102, 693 S.E.2d 684 (2010)). In *Expert Discovery*, we did not dismiss the appeal because "the unserved defendants were later 'informed of the fact that there was an appeal which affect[ed] their interests.'" *Id*. at 84–85, 882 S.E.2d at 669 (alteration in original) (quoting *Lee*, 204 N.C. App. at 103, 693 S.E.2d at 690). Similar to the serve-all-parties requirement of Rule 3, neither Rule 11 nor Rule 12 are jurisdictional. *See Mills v. Jackson*, No. COA21-325, 2022 N.C. App. LEXIS 319, at *3–4 (N.C. Ct. App. May 3, 2022).

**D. Whether Caveators' Violations Warrant Dismissal**

Here, Caveator Howell appealed this case and managed the appellate process, while Caveator Jeffries remained pro se. Caveators concede that Caveator Howell filed the record on 21 November 2023, which was more than fifteen days after the parties finalized the record. Therefore, Caveator Howell violated Rule 12. *See* N.C. R. App. P. 12(a). Caveators also concede that Caveator Howell failed to formally serve notice of appeal and the record upon Caveator Jeffries. Despite not appearing before the trial court, the trial court aligned Caveator Jeffries as an interested party; therefore, Caveator Howell violated Rules 3 and 11. *See* N.C. R. App. P. 3(a), 11(b). None of these violations, however, are jurisdictional. *See, e.g., Expert Discovery*, 287 N.C. App. at 84, 882 S.E.2d at 668.

In response to Propounders' motion to dismiss, Caveators argue that Caveator Jeffries "was aware of the Notice of Appeal being filed and, although not included in the Certificate of Service as having received a formal service copy of the Notice of Appeal, did receive a copy of the Notice through her co-Caveator and brother, [Caveator Howell]." Caveators stated that Caveator Jeffries "was mistakenly not included on the Certificate of Service for the Notice but did receive a copy of the Notice of Appeal."

Caveators also stated that although Caveator Howell did not formally serve Caveator Jeffries, Caveator Jeffries signed an affidavit, stating that she received a notice of appeal and a copy of the record, and that she was not harmed by a lack of

formal service because Caveator Howell is her "brother, and [they] have been working together on this case."

Concerning their late filing of the record, Caveators say that the record "was mistakenly mailed to the Court of Appeals, and the Clerk of the Court of Appeals called Caveators counsel's office on November 14, 2023 to inform that the record would not be accepted by mail and would have to be filed electronically."

Here, Caveator Howell's failure to formally serve Caveator Jeffries has not impaired our review or the adversarial process of this case. Because Caveators "have been working together on this case," our review does not lack an advocacy perspective from Caveator Jeffries. Further, Propounders have thoroughly and persuasively briefed us on appeal; Caveator Howell's violations have not impaired Propounders' advocacy.

Therefore, despite Caveator Howell's violations, our review of this appeal is not impaired. *See Expert Discovery*, 287 N.C. App. at 84–85, 882 S.E.2d at 669. So although Caveator Howell's violations are unadvised, they are not the "most egregious instances" of non-jurisdictional default. *See Dogwood*, 362 N.C. at 200, 657 S.E.2d at 366. Accordingly, because non-jurisdictional violations "normally should not lead to dismissal of the appeal," we deny Propounders' motion to dismiss Caveators' appeal. *See id*. at 198, 657 S.E.2d at 365.

### III. Issues

The issues on appeal are whether the trial court erred by: (1) denying

Caveators' motion to reduce bond; and (2) dismissing Caveators' case with prejudice.

## IV. Analysis

### A. Motion to Reduce Bond

In their first argument, Caveators assert that the trial court erred by declining to reduce their bond amount. We disagree.

We review a trial court's decision not to reduce a bond amount for abuse of discretion. *See Fayetteville Light & Power Co. v. Lessem Co.*, 174 N.C. 358, 359, 93 S.E. 836, 837 (1917). "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988).

Under subsection 31-33(d), a trial court "may require a caveator to provide security in such sum as the court deems proper for the payment of such costs and damages as may be incurred or suffered by the estate if the estate is found to have been wrongfully enjoined or restrained." N.C. Gen. Stat. § 31-33(d).

Here, in the 9 January 2023 order requiring Caveators to post bond, the trial court found that Caveators challenged the will by asserting undue influence, but the trial court also found that Caveators failed to "assert specific facts showing that the Will was executed as a result of undue influence." Further, the trial court found that Propounders could not administer the will because of "the pending caveat litigation." As a result, the trial court found that "Propounders [were] at a risk of irreparable loss

or damage," and they would "likely incur substantial attorneys' fees in this action." The trial court valued the challenged estate at roughly $1,500,000.

The trial court found that the "Caveat lack[ed] substantial merit" because "Caveators have asserted only vague allegations and conclusory statements of opinion." The trial court then concluded that a $250,000 bond, one sixth of the estimated value of the estate, was "an appropriate amount to secure potential damage to the Estate and Propounders."

In the 4 May 2023 order, the trial court denied Caveators' motion to reduce the bond amount. The trial court also found that "Caveators have offered no evidence that they have sought to post collateral to secure the bond or have otherwise made adequate efforts to comply with the requirements of the bond order." Nonetheless, the trial court extended Caveators' time to post bond until 12 May 2023.

In setting the bond amount, the trial court considered the value of the estate, the estate's potential loss of value from litigation, and the merit, or lack thereof, of Caveators' allegations. These were the correct considerations under subsection 31-33(d). *See id.* And at less than twenty percent of the estate's estimated value, $250,000 was a reasonable bond amount.

Because the trial court followed subsection 31-33(d), and graciously extended the timeline for Caveators to post the bond—despite Caveators waiting over two months to request a reduction—the trial court's decision to deny Caveators' motion to reduce the bond was not "so arbitrary that it could not have been the result of a

reasoned decision." *See Hennis*, 323 N.C. at 285, 372 S.E.2d at 527. Therefore, the trial court did not abuse its discretion by declining to reduce the bond. *See id.* at 285, 372 S.E.2d at 527.

**B. Involuntary Dismissal with Prejudice**

In their second argument, Caveators assert that the trial court erred by dismissing their case with prejudice. Again, we disagree.

First, we must clarify our standard of review concerning involuntary dismissals under Rule 41. *Compare In re Pedestrian Walkway Failure*, 173 N.C. App. 237, 247, 618 S.E.2d 819, 826 (2005) ("Dismissal under Rule 41(b) is left to the sound discretion of the trial court and will not be disturbed on appeal in the absence of a showing of abuse of discretion.") *with Dean v. Hill*, 171 N.C. App. 479, 483, 615 S.E.2d 699, 701 (2005) ("The proper standard of review for a motion for an involuntary dismissal under Rule 41 is (1) whether the findings of fact by the trial court are supported by competent evidence, and (2) whether the findings of fact support the trial court's conclusions of law and its judgment.").

Rule 41(b), which allows for involuntary dismissals, is a long rule. *See* N.C. Gen. Stat. § 1A-1, Rule 41(b) (2023). The first sentence of the rule states that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim therein against him." *Id.* In this scenario, we review dismissals for abuse of discretion. *See In re Pedestrian Walkway Failure*, 173 N.C. App. at 244–47, 618 S.E.2d at 825–26 (reviewing a Rule

41(b) dismissal for abuse of discretion where the trial court dismissed a case because of a party's misconduct and failure to comply with court orders).

Going back to the text of Rule 41(b), it also states:

> After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a).

N.C. Gen. Stat. § 1A-1, Rule 41(b).

In other words, before presenting evidence in a bench trial, a defendant may move for dismissal if the plaintiff failed to prove a "right to relief." *See id.* And if the trial court grants the defendant's motion, the trial court must make findings. *See id.* In reviewing dismissals in such scenarios, we apply the *Dean* standard of review. *See Dean*, 171 N.C. App. at 483, 615 S.E.2d at 701 (reviewing to discern "(1) whether the findings of fact by the trial court are supported by competent evidence, and (2) whether the findings of fact support the trial court's conclusions of law and its judgment").

For some background, in *McNeely v. Southern Railway Co.*, we explained that "[s]ince the enactment of the new Rules of Civil Procedure in 1970, this Court has repeatedly distinguished between the motion for directed verdict under Rule 50 and

the motion for involuntary dismissal under Rule 41(b)." 19 N.C. App. 502, 504, 199 S.E.2d 164, 166 (1973).

We "repeatedly distinguished" between Rule 50 and Rule 41(b) because they both allow the trial court to end a lawsuit on the merits when the plaintiff fails to present sufficient evidence. *See* N.C. Gen. Stat. §§ 1A-1, Rule 41(b), Rule 50. What distinguishes the rules is that Rule 50 applies in jury trials, and Rule 41(b) applies in bench trials. *McNeely*, 19 N.C. App. at 504, 199 S.E.2d at 166. Put differently, Rule 50 allows for directed verdicts; Rule 41(b) allows for involuntary dismissals. *See Dean*, 171 N.C. App. at 482–83, 615 S.E.2d at 701.

In *Dean*, the trial court purportedly granted a directed verdict, but on appellate review, we "treat[ed] the trial court's order for directed verdict" as an involuntary dismissal under Rule 41(b) because "it is well settled that a motion for a directed verdict only is proper in a jury trial . . . ." *See id*. at 482–83, 615 S.E.2d at 701.

In this quasi directed-verdict scenario, we review a trial court's dismissal under Rule 41(b) to discern "(1) whether the findings of fact by the trial court are supported by competent evidence, and (2) whether the findings of fact support the trial court's conclusions of law and its judgment." *See id.* at 483, 615 S.E.2d at 701; *see also McNeely*, 19 N.C. App. at 504–05, 199 S.E.2d at 166 ("In determining the sufficiency of the evidence when ruling on a motion to dismiss made under Rule 41(b), it is the function of the trial judge to evaluate the evidence without any limitations as to the inferences which the court must indulge in favor of the plaintiff's evidence

on a similar motion for a directed verdict in a jury case." (*purgandum*)).

Here, however, the trial court dismissed Caveators' case because they failed to comply with the trial court's order to post bond before 12 May 2023. Because the trial court dismissed Caveators' case for failure to "comply with . . . an[] order of court," *see* N.C. Gen. Stat. §§ 1A-1, Rule 41(b), we will review the trial court's decision for an abuse of discretion, *see In re Pedestrian Walkway Failure*, 173 N.C. App. at 247, 618 S.E.2d at 826. And as detailed above, "[a]buse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *Hennis*, 323 N.C. at 285, 372 S.E.2d at 527.

Caveators failed to follow the trial court's order; they failed to post the bond within the two-week deadline. *See* N.C. Gen. Stat. § 1A-1, Rule 41(b). Even so, the trial court extended the deadline for Caveators—despite their untimely request for an extension. Yet even with their extension, Caveators again failed to post the bond and thus, failed to comply with an "order of court." *See id.*

The Caveators wasted the time and resources of both the trial court and Propounders. Accordingly, the trial court's decision to dismiss Caveators' case under Rule 41(b) was not "so arbitrary that it could not have been the result of a reasoned decision." *See Hennis*, 323 N.C. at 285, 372 S.E.2d at 527. Therefore, the trial court did not abuse its discretion. *See id.* at 285, 372 S.E.2d at 527.

## V. Conclusion

We hold that the trial court did not err by denying Caveators' motion to reduce bond or by dismissing Caveators' case with prejudice.

AFFIRMED.

Judges WOOD and GORE concur.