MARTHA DAVIS FEARING v. GEORGE T. WESTCOTT, JR. T/A:
CASINO QUIZO NAGS HEAD, N. C.

No. 731SC219

(Filed 13 June 1973)

1. **Negligence § 57— fall from stool in business establishment — sufficiency of evidence of negligence**

Trial judge's conclusion that plaintiff was not injured by the negligence of defendant was supported by the judge's findings that the plaintiff was a business invitee sitting on a stool on defendant's premises from which she fell and suffered injury, that defendant maintained the stools in a reasonably safe condition and that there was no defect in the stools; therefore, the trial court properly granted defendant's motion to dismiss made at the close of all the evidence in plaintiff's action to recover damages for injuries sustained when she fell.

2. **Negligence § 31— fall from stool in business establishment — res ipsa loquitur not applicable**

In this action for damages for injuries sustained by plaintiff when she fell off a stool, the doctrine of *res ipsa loquitur* was not applicable where more than one inference could be drawn from the evidence as to the cause of injury and where the judge sat as trier of the facts.

APPEAL by plaintiff from *Cowper, Judge,* 18 September 1972 Session of Superior Court held in PASQUOTANK County.

Action by plaintiff to recover damages for injuries sustained when she fell from a stool provided for patrons of defendant's "Quizo Stand." The case was tried by the judge without a jury.

Plaintiff's evidence tended to show the following. On 2 August 1968 plaintiff, an 82-year-old woman, and others went to defendant's establishment to play "Quizo," a game similar to Bingo which plaintiff has played "for 20 years or more, since it first opened." Plaintiff changed her seat several times and as she took the seat in question, she placed her pocketbook in her lap. As she was removing her change purse, she "turned the least bit in [her] seat" and the seat "slipped over." Plaintiff fell to the floor and sustained injuries to her right hip and leg. The seat in question was described as a swivel top stool about twelve inches in diameter. A four-inch long iron post was mounted, by the use of screws, to the underside of the seat head. When the seat is in position to be used, the four-inch long post fits inside a two-feet high iron post which is attached

to a one-inch by six-inch board resting on the floor. Plaintiff's daughter, who had accompanied plaintiff on the occasion in question, testified that, "[a]fter the seat tilted, . . . it went back to its natural position except that it was leaning to the right, a little." The seat head did not fall from its mounting, but was removed by an employee after plaintiff's fall. Plaintiff's daughter testified that she returned to defendant's establishment after the accident to examine the seats and stated that, "[n]othing that I saw attached to or connected with the seat on which Mother was sitting came apart or broke."

Defendant's evidence tended to show the following. Seating arrangements for customers in Bingo establishments in the Southeast in August of 1968, and prior thereto, followed the same general pattern and used stools. Defendant has never had any trouble with the seats. The bottom boards were renewed in the Spring of 1968, but no repairs had been made from that time until August of 1968. The seats were described as being in good condition on the date in question. During the 21 years prior to plaintiff's fall, an intoxicated man had fallen and another man stumbled on the board when going to his seat.

At the close of plaintiff's evidence the defendant moved for an involuntary dismissal under Rule 41(b) of the Rules of Civil Procedure, G.S. 1A-1. The court declined to render judgment until the close of all the evidence, at which time the judge granted defendant's renewed motion for dismissal and made findings of fact pursuant to Rule 52(a)(1).

*Twiford, Abbott & Seawell by Russell E. Twiford and Christopher L. Seawell for plaintiff appellant.*

*Leroy, Wells, Shaw, Hornthal & Riley by Dewey W. Wells for defendant appellee.*

VAUGHN, Judge.

The only question presented is whether the court erred in granting defendant's motion to dismiss.

[1] Plaintiff first argues that there was evidence to support a finding that defendant breached a duty owed to plaintiff. A patron at a Bingo parlor is an invitee to whom the proprietor owes a duty to exercise ordinary care to keep his premises in a reasonably safe condition and the proprietor is not an insurer

of the safety of his patrons. *Graves v. Order of Elks,* 268 N.C. 356, 150 S.E. 2d 522. It is a question of law for the court whether there is sufficient evidence to support a finding that this duty was violated and the question of whether the evidence does show a breach of the applicable duty is for the trier of the facts. In the present case, the judge was trier of the facts.

Rule 41 (b) provides procedures whereby a judge sitting in a nonjury case can render judgment against a plaintiff "not only because his proof failed in some essential aspect to make out a case but also on the basis of facts as he may then determine them to be from the evidence before him." *Helms v. Rea,* 282 N.C. 610, 618, 194 S.E. 2d 1. When a Rule 41 (b) motion is made at the close of plaintiff's evidence, the judge may decline to render any judgment until the close of all of the evidence, as was done in the present case. "As trier of the facts, the judge may weigh the evidence, find the facts against plaintiff and sustain defendant's motion at the conclusion of his evidence even though plaintiff has made out a *prima facie* case which would have precluded a directed verdict for defendant in a jury case." *Helms v. Rea, supra,* at pages 618-619. The judge's evaluation of the evidence pursuant to a Rule 41 (b) motion is to be conducted free of any limitations as to the inferences which a court must indulge in favor of plaintiff's evidence on a motion for a directed verdict in a jury case. *Bryant v. Kelly,* 10 N.C. App. 208, 178 S.E. 2d 113, reversed on other grounds, 279 N.C. 123, 181 S.E. 2d 438. In the present case, Judge Cowper made the following findings of fact pursuant to Rule 52 (a) (1) as required by Rule 41 (b).

"(a) On the evening of 2 August 1968 the plaintiff was on the defendant's premises as a business invitee, seated on a stool playing a game in the nature of Bingo.

(b) While so seated the plaintiff fell to the floor and sustained injury.

(c) On the occasion in suit the seating arrangements for customers on the defendant's business premises were being maintained in a reasonably safe condition; there was no defect in the stool on which plaintiff was seated which might have caused her fall or which could have been discovered by defendant in the exercise of reasonable care.

(d) The plaintiff's fall was not caused by any negligent act or omission of the defendant."

In re York

The court then proceeded to the conclusions that plaintiff was not injured by the negligence of defendant and that plaintiff had shown no right to relief. "Where, as in the present case, the trial court as the trier of the facts has found the facts specially, such findings are conclusive upon appeal if supported by competent evidence, even though there may be evidence which might sustain findings to the contrary." *Bryant v. Kelly, supra,* at page 213. Judge Cowper's findings are supported by the evidence and we hold that the facts found support the conclusions of law and judgment.

[2] Plaintiff's second argument, to the effect that the doctrine of *res ipsa loquitur* is applicable to the facts of this case and, if applicable, is sufficient to defeat defendant's motion for involuntary dismissal and carry the case to the trier of fact, is without merit. The doctrine of *res ipsa loquitur* is not applicable in situations where, as in the present case, " '. . . more than one inference can be drawn from the evidence as to the cause of the injury. . . .' " *Lane v. Dorney,* 250 N.C. 15, 108 S.E. 2d 55. Even where applicable, that doctrine merely takes the case to the trier of the facts and permits, but does not compel a finding of negligence. Here the judge sat as trier of the facts. He passed upon the credibility of the witnesses, weighed the evidence, considered what inference might be drawn therefrom and made his findings thereon.

Affirmed.

Judges CAMPBELL and PARKER concur.