W. B. WILLIAMS, D/B/A WILLIAMS FARM SUPPLY v. PELL D. LILES, JR. AND WIFE, MILDRED LILES, INDIVIDUALLY AND TRADING AS DIXIE IRON WORKS

No. 7610DC395

(Filed 3 November 1976)

1. **Rules of Civil Procedure § 41— nonjury trial — motion for involuntary dismissal — weighing of evidence**
    In ruling on a motion for involuntary dismissal made pursuant to Rule 41(b), the trial judge may weigh the evidence, find facts against plaintiff and grant defendant's motion to dismiss even though

plaintiff may have introduced evidence sufficient to make out a *prima facie* case and to withstand a motion for a directed verdict in a jury case.

**2. Trial § 58— nonjury trial — findings of fact — appellate review**

Where the trial court, as the trier of the facts, has found specific facts, such findings are conclusive upon appeal if supported by competent evidence even though there may be evidence which would sustain findings to the contrary.

**3. Accounts § 1— goods sold to business — liability of femme defendant**

Trial court's findings to the effect that *femme* defendant was not personally liable to plaintiff for goods sold on account to a business operated by the male defendant were supported by competent evidence and thus were binding on appeal, although the evidence was conflicting as to the extent of the *femme* defendant's involvement in the male defendant's business.

APPEAL from judgment of *Green, Judge.* Judgment entered 23 December 1975 in District Court, WAKE County. Heard in the Court of Appeals 22 September 1976.

This is an action to recover on an account for goods sold by W. B. Williams, trading as Williams Farm Supply, to Dixie Iron Works. Plaintiff alleged "[t]hat the defendants, jointly and severally, are indebted to the plaintiff in the amount of THREE THOUSAND THREE HUNDRED ELEVEN DOLLARS AND SEVEN CENTS ($3,311.07) as a result of a contract entered into by the plaintiff and defendants for the delivery of merchandise and for payment of the same, and the plaintiff has performed its contract with defendants but defendants refuse to pay the plaintiff said amount. . . ." The femme defendant averred by answer and defense that she had "at no time entered into a contract, either express or implied, with the plaintiff" and that she ". . . is not, nor has she ever been, trading as Dixie Iron Works." She prayed that the action be dismissed as to her and that plaintiff recover nothing against her.

The case was tried in Wake County District Court before Green, Judge, sitting without a jury. Plaintiff testified in his own behalf and stated, inter alia, that he operated a general store named Williams Esso and Farm Supply located near the town of Garner, North Carolina. Mr. Williams dealt with both defendants in a business capacity for approximately 15 years during which time the defendants had bought items from his store on both a cash and a credit basis. There was no written agreement between Williams and either defendant for such pur-

chases. When defendants' account balance became substantial, Williams often called defendants and on several occasions went to defendants' house where he received a check from the femme defendant on the account. Employees of Dixie Iron Works would, from time to time, come to Williams' store, purchase merchandise, and sign the tickets therefor. Femme defendant had never signed such tickets but often paid on the account based on these tickets. Mrs. Liles once told Williams "I know we are slow" in paying on the account and "Mr. Williams, I'll see that you never lose this." Williams also introduced into evidence a certified copy of a deed to the property on which Dixie Iron Works is located which showed that title to the property was in the name of Mrs. Liles.

Raymond Medlin was also called by plaintiff. Mr. Medlin testified, inter alia, that he had been employed by Williams for 23 years. During that time, he received payments on the Dixie Iron Works account by checks drawn in the name of the business and of Mrs. Liles. In all instances, the checks were signed by Mrs. Liles. Medlin further testified that he had never received a cash payment from Mrs. Liles, nor did he have any evidence other than the checks to show that Mrs. Liles was a partner in the business.

At the close of the plaintiff's evidence, femme defendant moved for a dismissal of the action as to her. This motion was denied, and she introduced evidence. Mrs. Liles testified in her own behalf, stating that she had been employed for the past ten years as a legal secretary, and Dixie Iron Works was totally owned and operated as a sole proprietorship by her husband. She further testified that she had never been an employee or partner in the business and that she had never received any salary, bonus or other monetary reward for services rendered. She never requested credit from Williams and never charged items on the business' account with plaintiff. Although she made payments from time to time to various creditors of the business, this was done only when requested by her husband. She denied that she had promised to plaintiff to be personally responsible for the business debts.

Defendant Pell Liles, Jr., testified in substance that he had been in business for 15 years, operating under the name of Dixie Iron Works. Mrs. Liles was not and never had been a partner in his business. He had never told plaintiff that Mrs. Liles was a partner or that she would be responsible for the

debts of Dixie Iron Works. Mr. Liles admitted that the property on which his business was located and some of the company trucks were owned by Mrs. Liles.

At the close of all the evidence, Mrs. Liles moved for an involuntary dismissal of the action as to her. The motion was granted, and judgment was entered, the pertinent portions of which are as follows:

"This cause coming on to be heard before the Honorable George R. Greene, District Court Judge without a jury, at the October 23, 1975 term of Wake County District Court and the Court after hearing all of the testimony of all of the witnesses for the plaintiff and the defendants makes the following findings of fact:

1. That the defendant Mildred C. Liles was not individually responsible for the debt sued on by the plaintiff in that she did not request that a charge account be opened at the plaintiff's store and she at no time acknowledged responsibility individually for the debt sued on and at no time did she charge any item of purchase at the plaintiff's store.

2. That defendant Mildred C. Liles made payments from time to time on the account of Dixie Iron Works to plaintiff as an accommodation to her husband, Pell D. Liles, Jr., owner and operator of Dixie Iron Works.

3. That the defendant Mildred C. Liles was not connected or involved in any way with the business of Dixie Iron Works except for the fact that she is the wife of Pell D. Liles, Jr., sole owner and operator of Dixie Iron Works and as such assisted him from time to time by signing certain business checks and making payments on business accounts solely as an accommodation to her husband, Pell D. Liles, Jr.

4. That defendant Mildred C. Liles is now and has for a period of ten (10) years next preceding this hearing been fully and gainfully employed as a legal secretary in the City of Raleigh, North Carolina, and therefore any assistance given to the business of Dixie Iron Works was in the form of an accommodation or a gift to her husband, Pell D. Liles, Jr.

5. Plaintiff did not present any evidence to show that defendant Mildred C. Liles knowingly received any benefit from the items purchased from plaintiff's store.

6. That the defendant, Pell D. Liles, Jr., testified that he was the owner and operator of Dixie Iron Works; that his wife, Mildred C. Liles was not a part of his business known as Dixie Iron Works; that his wife, Mildred C. Liles, had been gainfully employed on a full-time basis as a legal secretary in the City of Raleigh for ten (10) years prior to this action; that he, individually, arranged for a charge account at Williams' Farm Supply, a farm supply store owned and operated by the plaintiff, W. B. Williams and that he and employees of his had over a period of years charged various items of purchase at that store and that he, Pell D. Liles, Jr., was indebted to the plaintiff in the amount of Three Thousand Three Hundred Eleven and 07/100ths Dollars ($3,311.07).

\*    \*    \*

Based upon the above findings of facts the Court makes the following conclusions of law:

1. That the plaintiff has failed to offer sufficient evidence upon which to base a claim for relief against the defendant Mildred C. Liles.

\*    \*    \*

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the claim of the plaintiff against the defendant, Mildred C. Liles, be dismissed involuntarily pursuant to Rule 41(b) of the North Carolina Rules of Civil Procedure and that the plaintiff have and recover nothing of this defendant. . . ."

*Kirk, Ewell & Tantum, by George N. Hamrick, for plaintiff appellant.*

*Reynolds & Howard, by E. Cader Howard, for defendant appellee.*

MORRIS, Judge.

Plaintiff raises two assignments of error, both of which relate to the trial judge's findings and conclusions that femme defendant was not indebted to plaintiff on the account of Dixie

Iron Works. Plaintiff argues both assignments together in his brief and we shall likewise treat them as one. Plaintiff contends that the trial court erred as a matter of law in its determination that Mrs. Liles was not liable to the plaintiff. We disagree.

[1-3] In ruling on a motion for involuntary dismissal made pursuant to Rule 41 (b), the trial judge may weigh the evidence, find facts against plaintiff and grant defendant's motion to dismiss. This is true even though plaintiff may have introduced evidence sufficient to make out a *prima facie* case and to withstand a motion for a directed verdict in a jury case. *Helms v. Rea*, 282 N.C. 610, 194 S.E. 2d 1 (1973); *Fearing v. Westcott*, 18 N.C. App. 422, 197 S.E. 2d 38 (1973). Where the trial court, as the trier of the facts, has found specific facts, such findings are conclusive upon appeal if supported by competent evidence, even though there may be evidence which would sustain findings to the contrary. *Construction Co. v. Hajoca Corp.*, 28 N.C. App. 684, 222 S.E. 2d 709 (1976); *Bryant v. Kelly*, 10 N.C. App. 208, 178 S.E. 2d 113 (1970), rev'd on other grounds, 279 N.C. 123, 181 S.E. 2d 438 (1971). In the present case, the trial judge found specific facts against plaintiff and made conclusions of law thereon. Therefore, the question before us is whether the facts are based on competent evidence. While the evidence is certainly conflicting on the extent of femme defendant's involvement in her husband's business, the findings of the trial court were based on competent evidence. Accordingly, plaintiff's assignments of error are overruled.

Affirmed.

Judges HEDRICK and ARNOLD concur.