**In the Matter of CLEMENTS AND VAN WAGNEN CONSTRUCTION COMPANY, Debtor.**

**CLEMENTS AND VAN WAGNEN CONSTRUCTION COMPANY, Plaintiff,**

v.

**WINKWORTH TRANSIT COMPANY, Defendant.**

**Bankruptcy No. 80–01103.**
**Adv. No. 81–0193.**

United States Bankruptcy Court, E.D. Michigan, S.D.

Sept. 30, 1982.

Michael Mason, Flint, Mich., for Liquidating Trustee.

Carl Bekofske, Flint, Mich., for debtor/plaintiff.

Dennis M. Haley, Winegarden, Shedd, Haley & Lindholm, Flint, Mich., for defendant.

## MEMORANDUM OPINION

HAROLD H. BOBIER, Bankruptcy Judge.

*Introduction*

Defendant has moved the court for summary judgment against plaintiff, alleging lack of reliance on the part of the plaintiff as to the proper air-void content for cement to be used in the construction of sidewalks, and praying for a ruling of no cause of action on plaintiff's claim for breach of implied warranty of fitness for a particular purpose, U.C.C. 2–315.

*Findings of Fact*

1. Plaintiff filed its complaint on June 11, 1981, praying for damages resulting from defective cement supplied by defendant.

2. Defendant filed this motion for summary judgment on March 24, 1982.

3. Pursuant to a contract between the parties defendant delivered cement to plaintiff to be used in the construction of sidewalks on a project being carried out by plaintiff.

4. According to the express terms of the contract it was specified that the cement delivered to plaintiff was to have an air-void content between three and six percent of the concrete volume.

5. The parties agree that the air-void content of the cement delivered pursuant to their contract was 4.2% of the concrete volume.

6. 4.2% air-void content is within the specification set forth in the contract.

7. Despite the contractually proper air-void content, the sidewalks constructed with defendant's cement became cracked.

8. Plaintiff has presented no evidence, nor alleged, that the air-void specifications set forth in the contract were those of the defendant.

*Conclusions of Law*

■ The existence of an implied warranty of fitness for a particular purpose is contingent on two general facts. First, the seller must be aware at the time of contracting of a particular purpose for which the buyer intends to use the goods. Second, the buyer must rely on the seller's skill or judgment to select or furnish goods suitable for that particular purpose.

■ No warranty of fitness for a particular purpose can be implied unless the buyer is relying on the seller's skill and judgment to select or manufacture suitable goods for a particular purpose for which the seller knows the goods are required.

In the case of *Price Brothers Co. v. Philadelphia Gear Co.,* 31 U.C.C.Rep.Serv. 469, 649 F.2d 416 (6th Cir. 1981), the court had occasion to rule on the very issue before this court today. Price Brothers submitted a purchase order to Philadelphia Gear specifying certain performance characteristics of the components ordered, apparently arrived at with Philadelphia Gear's assistance. The components were produced in conformance with the specifications of the buyer set forth in its purchase order. Price Brothers later experienced difficulties with a machine built with components produced by seller, attributing the problems to an alleged failure of the Philadelphia Gear components to perform as warranted.

The 6th Circuit reversed the trial court on the following basis:

> The trial court's conclusion that Philadelphia Gear breached an implied warranty of fitness for a particular purpose must be reversed because of the degree of specificity of Price Brothers' purchase order and Price Brothers' own undisputed high degree of knowledge regarding the mechanical requirements of its own pipe wrapping machine make any finding that Price Brothers relied on Philadelphia Gear's selection clearly erroneous. *Id* 31 U.C.C.Rep.Serv. 469 at 475, 649 F.2d at 423.

\* \* \* \* \* \*

In the present case Price Brothers ordered components from Philadelphia Gear by use of a purchase order specifying performance criteria. It is of no avail to Price Brothers that Philadelphia Gear may have assisted Price Brothers in arriving at these specifications. The fact that the specifications were jointly arrived at by Price Brothers engineers and Philadelphia Gear representatives only emphasizes the fact that Price Brothers exercised its own judgment in selecting the components ordered and did not rely on Philadelphia Gear to supply components. *Id* 31 U.C.C.Rep.Serv. at 476, 649 F.2d at 424.

■ It is the view of this court that the specification of air-void parameters by plaintiff in this matter is sufficient, standing alone, to warrant summary judgment on the issue of an implied warranty of fitness in favor of the defendant. Plaintiff has made no showing, nor advanced any facts which would indicate a positive reliance on defendant's expertise on the part of plaintiff. Indeed, plaintiff is a construction contractor, not without some expertise in such matters.

The overriding fact, however, is that in spite of any expertise defendant had, plaintiff simply did not rely on that expertise. The fact that defendant was in the business of producing concrete, and knew of the particular manner in which its concrete was to be employed, does not give rise to a finding of reliance. The specification of allowable air-void percentages in the contract indicates a lack of reliance on the part of the plaintiff.

■ There is, as a matter of law, no implied warranty of fitness for a particular purpose when goods are manufactured in accordance with specifications provided by the buyer. *Controltek v. Kwikee Enterprises, Inc.,* 25 U.C.C.Rep.Serv. 421, 284 Or. 123, 585 P.2d 670 (1978); *Hobson Construction Co., Inc. v. Hajoca, Inc.,* 19 U.C.C.Rep.Serv. 106, 28 N.C.App. 684, 222 S.E.2d 709 (1976).

Where no evidence has been advanced by plaintiff that the specifications of air-void content were those of the defendant, no question of fact exists as to reliance.

IT IS THEREFORE ORDERED that summary judgment is granted in favor of the movant-defendant, and plaintiff's cause of action based upon breach of an implied warranty of fitness for a particular purpose is hereby dismissed.

An order shall issue in conformance with this opinion.